STATE OF NORTH CAROLINA v. JIMMY WILSON WARD

No. 775SC439

(Filed 7 December 1977)

**1. Homicide § 20.1— photographs of deceased—admissibility**

The trial court in a homicide prosecution did not err in allowing into evidence three photographs of the deceased who had been shot numerous times in the chest, head and back, since the photographs were competent to illustrate the testimony of the State's witness.

**2. Criminal Law § 102.8— district attorney's jury argument—comment on failure of defendant's wife to testify—error**

Statements by the district attorney during his jury argument as to where defendant's wife was at the time of the shooting could have been received by the jury as a criticism of the failure of defendant's wife to testify, and defendant is therefore entitled to a new trial. G.S. 8-57.

**3. Homicide § 28— self-defense—jury instructions—incorrect summary of evidence—error**

In a homicide prosecution where defendant's entire defense was that he shot deceased in self-defense, the trial court erred in incorrectly summarizing the evidence with respect to deceased's behavior and possession of a knife just prior to the shooting.

APPEAL by defendant from *Rouse, Judge*. Judgment entered 11 January 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 October 1977.

Defendant was charged in an indictment, proper in form, with the first degree murder of William Herman Bordeaux.

At trial, the State presented evidence tending to show, *inter alia*, that on 17 October 1976, defendant, the deceased, one Mary Shepherd, and a woman who has since become defendant's wife, were together at defendant's place of residence; that they had been drinking for a period of time; and that defendant, without provocation, shot and killed Bordeaux with a .22 rifle.

Defendant offered evidence tending to show that the deceased had a reputation of being dangerously violent and that the shooting was in self-defense.

Other evidence necessary to an understanding of the errors assigned will be reviewed with the discussion of the assignments.

State v. Ward

The jury returned a verdict of guilty of voluntary manslaughter. Judgment was rendered imposing a prison sentence of not less than sixteen nor more than eighteen years.

*Attorney General Edmisten, by Associate Attorney Amos Dawson, for the State.*

*E. Hilton Newman, for defendant.*

BROCK, Chief Judge.

[1] Defendant's assignment of error to the admission into evidence of three photographs of deceased on the ground that they only tend to inflame the jury is without merit. Deceased was shot numerous times in the chest, head, and back. The photographs were clearly competent to illustrate the testimony of the State's witness. "The fact that a photograph depicts a horrible, gruesome, and revolting scene, indicating a vicious, calculated act of cruelty, malice or lust, does not render the photograph incompetent in evidence, when properly authenticated as a correct portrayal of conditions observed by and related by the witness who uses the photograph to illustrate his testimony." *State v. Atkinson*, 275 N.C. 288, 311, 167 S.E. 2d 241, 255 (1969), *rev'd on other grounds*, 403 U.S. 948, 29 L.Ed. 2d 859, 91 S.Ct. 2283 (1971).

The State's evidence tends to show that at the time of the fatal shooting, the defendant, the deceased, Mrs. Shepherd, and Mrs. Ward were present in defendant's living room. Defendant and Mrs. Ward were married after he was released on bond pending trial of this case. Defendant's evidence tended to show that neither Mrs. Shepherd nor his wife was in the room at the time of the fatal shooting.

[2] During his closing argument to the jury the district attorney argued in part as follows: "Ladies and gentlemen, I, The State of North Carolina, we have tried to present this case to you and give you all of the evidence we have in this case. The defendant's wife was—she didn't say she was there or not there—I don't know where she was. She didn't say she was there or not there. From the evidence Mr. Ward [the defendant] gave you, he and Mrs. Shepherd and these two children in the bedroom, plus his wife now—she wasn't his wife then, but he said he had a rifle there in his home with his wife and children. That's not the true situation as it was at that time. Everybody who was there except

those two children has told you what they know. I don't know what she knows."

"The husband or wife of the defendant, in all criminal actions or proceedings, shall be a competent witness for the defendant, but *the failure of such witness to be examined shall not be used to the prejudice of the defense.*" (Emphasis added.) G.S. 8-57.

Whether intended or not, it seems to us that the district attorney's argument to the jury probably was received by the jury as a criticism of the failure of defendant's wife to testify. This is the very thing which is proscribed by G.S. 8-57, *supra.*

[3] The State's witness, Mrs. Shepherd, testified that she was in defendant's living room at the time of the fatal shooting. She further testified that deceased was standing in the living room in front of defendant at the time of the shooting, and that deceased did not have a knife. She further denied telling defendant's witness, Rosa Morgan, that deceased had a knife and was going after defendant with it.

The defendant's witness, Rosa Morgan, testified that Mrs. Shepherd, on the day after the fatal shooting, stated to her that deceased had a knife and threatened to cut off defendant's head. Defendant's entire defense was that he shot deceased in self-defense.

In his instructions to the jury the trial judge stated: "The defendant has offered evidence which in substance tends to show that Mrs. Shepherd had made some statement to the effect that Bordeaux [deceased] had called Ward [defendant] some names and had threatened to cut Mr. Ward [defendant]; however, that in making the statement to one Rosa Morgan, that Mrs. Shepherd said she did not see a knife."

We recognize that the trial judge has the burden of instructing extemporaneously and that exactness cannot be required. However, in this instance the able trial judge's mistaken summary of defendant's evidence constituted a fundamental misconstruction of evidence which was vital to defendant's claim of self-defense.

Defendant's remaining assignments of error have been reviewed. In view of the foregoing we deem it unnecessary to discuss them. For prejudicial error in the district attorney's argu-

ment to the jury and for prejudicial error in the trial judge's instructions to the jury defendant is entitled to a

New trial.

Judges PARKER and ARNOLD concur.