STATE OF NORTH CAROLINA v. THOMAS EDGAR ROBINSON

No. 8426SC687

(Filed 16 April 1985)

**Criminal Law § 102.8— comment on wife's failure to testify**

    In a prosecution for second-degree murder, the trial court erred during closing arguments by not giving a curative instruction after sustaining defendant's objection to a comment by the prosecutor on defendant's wife's failure to testify.

APPEAL by defendant from *Saunders, Judge*. Judgment entered 15 December 1983 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 14 February 1985.

On 16 August 1983 at approximately 9:30 p.m. T. C. Bowden, III, age 15, was stabbed to death. Thomas Edgar Robinson, age 33, was found guilty at a jury trial of second degree murder and was sentenced to forty years imprisonment.

The State's evidence tended to show that at approximately 7:30 p.m. on 16 August 1983, defendant and the deceased were involved in a fight at the Pine Manor apartment complex where both resided. This fight was halted by the apartment manager.

About 9:30 p.m. the deceased and one of his friends, Trent Surratt, were walking around the apartment complex. They saw defendant sitting on his car in front of his apartment. While the deceased and Surratt were talking to James Green, defendant walked down the hill and from behind, hit the deceased in the stomach. Surratt testified that afterwards the deceased slumped over and that defendant had a knife in his hand. Surratt testified that after the defendant stabbed the deceased he said: "I told that damn nigger I was going to get him." An investigator testified that a knife was found on defendant's doorstep.

The evidence for defendant tended to show that the defendant and James Green were together on 16 August 1983 drinking some home brew. Defendant testified that he saw the deceased choking a little girl and when he told him to leave her alone the deceased started hitting defendant in the face. Defendant testified that he "had to fight him back" and that the deceased "beat me up pretty good." After the apartment manager halted the fight, defendant's wife helped him into their apartment.

Defendant testified that he went to sleep on his couch and was awakened by the sound of the windows in the house breaking. His wife and children went out of the back door and he ran out of the front door. He was arrested as he reached his car. Defendant testified that he had never seen the knife that was introduced by the State and that he was not aware of the stabbing until informed by police. Defendant's sister, Frances Greenart, who recently had lived in defendant's home for three months, testified that she had not seen any knives that looked like the one introduced by the State while living with defendant's family.

From the judgment and sentence of forty years imprisonment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney David R. Minges, for the State.*

*Brenda S. McLain, for the defendant-appellant.*

EAGLES, Judge.

Defendant first contends that prejudicial error was committed when the district attorney, during his closing argument to the jury, commented on the fact that the defendant's wife did not testify. We agree.

During his closing argument, the district attorney argued in part as follows:

The defendant said, and I asked him on cross examination, "Was your wife there right after the fight at the apartment?" "Yes. She helped me into the apartment." "Was the wife there when you went to sleep?" "Yes." "Was your wife there when you woke up?" "Yes." Where is the wife? She's the one person who can corroborate the defendant's story.

She didn't testify. I cannot compel a wife to testify against her husband. Mr. White could have put her on the stand—

MR. WHITE: Now, I OBJECT to that.

COURT: SUSTAINED. Move along, counsel.

MR. YOUNG: All right, sir.

In *State v. Thompson*, 290 N.C. 431, 226 S.E. 2d 487 (1976), the Supreme Court held:

> The provisions of G.S. 8-57, and decisions of this court, interpreting and applying them, impel the conclusion that where evidence is rendered incompetent by statute, it is the duty of the trial judge to exclude it, and his failure to do so is reversible error, whether objection is interposed and exception noted or not. *Hooper v. Hooper*, 165 N.C. 605, 81 S.E. 933 (1914). In such case it is the duty of the judge to act on his own motion. [Citations omitted.] The rule applies with equal force to the argument of counsel when evidence forbidden by statute is argumentatively placed before the jury and used to the prejudice of the defense. When this occurs it is the duty of the judge *ex mero motu* to intervene and promptly instruct the jury that the wife's failure to testify and the improper argument concerning that fact must be disregarded and under no circumstances used to the prejudice of the defendant.

*Id.* at 447, 226 S.E. 2d at 496-97. *See also State v. McCall*, 289 N.C. 570, 223 S.E. 2d 334 (1976); *State v. Ward*, 34 N.C. App. 598, 239 S.E. 2d 291 (1977).

In the instant case, when the objection was made the judge merely sustained the objection and did not make a curative instruction to the jury. His failure to do so was error and, on the record before us, we cannot say the error was harmless. *State v. Thompson, supra.* There must be a new trial.

Our resolution of this issue disposes of the appeal and makes it unnecessary to consider appellant's remaining assignments of error.

New trial.

Judges ARNOLD and PARKER concur.